**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 17-4682**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY EDWARDS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cr-00051-GMG-RWT-1)

───────────

Submitted: May 2, 2018                     Decided: May 16, 2018

───────────

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Aaron D. Moss, Kristen M. Leddy, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Anna Z. Krasinski, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Edwards pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court imposed an upward variant sentence of 120 months' imprisonment. Edwards appeals, arguing that his sentence is unreasonable. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We assess a sentence's substantive reasonableness under "the totality of the circumstances." *Id.* at 51. Although an above-Guidelines-range sentence carries no presumption of reasonableness on appeal, "a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). "[W]here the district court decides that a sentence outside the Guidelines' advisory range is appropriate, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (brackets, citation, and internal quotation marks omitted). "[A] major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50. "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted).

Here, the district court properly determined the advisory Guidelines range. The court considered the Government's recommendation of a sentence at the bottom of the

2

Guidelines range, as well as Edwards' arguments in mitigation. The court took into account the sentencing factors in 18 U.S.C. § 3553(a) (2012), noting the very serious nature of the instant offense, Edwards' history of alcohol abuse and violence, his continued possession of firearms although prohibited from doing so, and his history of threatening to kill others, including his wife and police officers. In imposing the upward variant sentence,[*] the court emphasized the need to deter Edwards from engaging in further criminal conduct and the need to protect the public.

We conclude the district court sufficiently explained the sentence that it imposed. To the extent that Edwards contends that his sentence is substantively unreasonable, our review of the record convinces us that an upward variance of 83 months from the top of the Guidelines range is not unreasonable. *See United States v. Hargrove*, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming variance from 0-to-6-month Guidelines range to 60-month sentence, ten times the top of the Guidelines range); *United States v. Diosdado-Star*, 630 F.3d 359, 362, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on district court's examination of relevant § 3553(a) factors).

---

[*] Edwards challenges the fact that the district court did not provide prior notice that the court was considering an upward variance. However, as Edwards concedes, the Supreme Court has held that the notice requirement in Fed. R. Crim. P. 32(d) does not apply to variant sentences. *Irizarry*, 553 U.S. at 716.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*